J-S20015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRYAN WILLIAM CONLEY | : | |
| | : | |
| Appellant | : | No. 935 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 15, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002061-2018

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: AUGUST 8, 2022**

Appellant Bryan William Conley appeals from the judgment of sentence imposed following the revocation of his county intermediate punishment and probation.  Appellant's counsel (Counsel) has filed a petition to withdraw and an **_Anders_**/**_Santiago_**[1] brief.  For the reasons stated herein, we deny Counsel's petition to withdraw and direct Counsel to submit an amended **_Anders_**/**_Santiago_** brief or an advocate's brief on Appellant's behalf.

The underlying facts of this matter are well known to the parties.  **_See_** Trial Ct. Op., 6/12/19, at 5-10.  Briefly, Appellant and Andrea Delsandro (the victim) separated in May of 2018 after dating for approximately five years.  At the time of their separation, they had a three-year-old child and the victim was pregnant with their second child.  On June 25, 2018, the victim obtained

---

[1] **_Anders v. California_**, 386 U.S. 738 (1967); **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

a Protection From Abuse (PFA) order against Appellant. The victim gave birth at St. Vincent Hospital on June 27, 2018. Although Appellant had been served with the PFA order and hospital staff denied him entry, Appellant circumvented hospital security to reach the victim. During the encounter at the hospital, Appellant threatened to kill the victim, their newborn child, and the victim's parents. The victim called a nurse for help, and Appellant left the victim's hospital room. The nurse alerted hospital security, and the hospital was placed on lockdown.

Appellant was subsequently charged with two counts each of terroristic threats, disorderly conduct, and harassment, and one count of simple assault.[2] Following a non-jury trial on November 28, 2018, Appellant was convicted of two counts of terroristic threats (one graded as a felony of the third degree and the other as a misdemeanor of the first degree) and one count each of simple assault, disorderly conduct, and harassment. The trial court acquitted Appellant of one count each of disorderly conduct and harassment.

The trial court held a sentencing hearing on February 13, 2019. At the hearing, Appellant argued that his misdemeanor terroristic threats and simple assault convictions should merge with the felony terroristic threats conviction. However, the trial court disagreed and sentenced Appellant on all three counts. The trial court sentenced Appellant to an aggregate term of four years

_____

[2] 18 Pa.C.S. §§ 2706(a)(1), 5503(a)(1), 2709(a)(1), and 2701(a)(3), respectively.

of county restrictive intermediate punishment followed by three years of probation.[3]

On direct appeal, Appellant challenged the sufficiency of the evidence supporting his convictions for terroristic threats, simple assault, and disorderly conduct. **Commonwealth v. B. Conley**, 496 WDA 2019, 2020 WL 3989174, at *4 (Pa. Super. filed July 15, 2020) (unpublished mem.). Ultimately, a panel of this Court concluded that the evidence was sufficient to sustain Appellant's convictions. **Id.** at *4-6. However, the Court did not address whether any of Appellant's convictions should have merged for sentencing purposes.

While he was serving his sentence of county restrictive intermediate punishment, Appellant was detained after admitting to his probation officer that he had been using methamphetamine. On July 15, 2021, the trial court held a violation of probation[4] (VOP) hearing. Appellant conceded that he

_____

[3] Specifically, for count one, the felony terroristic threats conviction, the trial court sentenced Appellant to four years of county restrictive intermediate punishment, which included a term of 205 days' incarceration followed by three months' electronic monitoring, and then followed by three months' intensive supervision. For count two, the misdemeanor terroristic threats conviction, the trial court sentenced Appellant to a consecutive term of two years' probation. For count three, simple assault, the trial court sentenced Appellant to one year of probation concurrent to count two. For count four, disorderly conduct, the trial court imposed a consecutive term of nine months' probation. Lastly, for count six, harassment, the trial court imposed a consecutive term of three months' probation. **See** Sentencing Order, 2/13/19, at 1 (unpaginated). The trial court also gave Appellant credit for ninety-nine days' time served. **See id.** at 2 (unpaginated).

[4] During the revocation portions of the proceedings on July 15, 2021, the VOP court and parties referred to Appellant's probation, even though at the time
*(Footnote Continued Next Page)*

violated the conditions of his county restrictive intermediate punishment because he had used methamphetamine and the trial court revoked his county restrictive intermediate punishment and his probation. **See** N.T. VOP Hr'g, 7/15/21, at 4. Both Appellant and his probation officer, Ashley Clark, testified at the VOP hearing. **Id.** at 6-10, 13-16. Officer Clark stated that Appellant had accrued twenty-five misconducts while incarcerated. **Id.** at 6-7. She also stated that she had received letters from Appellant containing sexual messages. **Id.** at 7-8; **see also id.** at 12-13. Appellant admitted that he sent those letters to Officer Clark, but claimed that he had "acted out of character to be noticed[,]" because the prison authorities had mistreated him, and he apologized to Officer Clark during the hearing. **Id.** at 8-11, 14. At the conclusion of the hearing, the VOP court resentenced Appellant to an aggregate term of three-and-a-half to seven years' incarceration followed by one year of probation.[5]

Appellant filed a timely post-sentence motion requesting reconsideration and modification of his sentence, which the trial court denied. Appellant then

---

Appellant was serving his term of county restrictive intermediate punishment. **Compare** N.T. VOP Hr'g, 7/15/21, at 2-4 **with id.** at 16 **and** Sentencing Order, 2/13/19, at 1 (unpaginated).

[5] Specifically, the VOP imposed consecutive terms of incarceration as follows: two to four years for felony terroristic threats, one to two years for the misdemeanor terroristic threats, and six months to one year for simple assault. The VOP court also reimposed consecutive terms of probation as follows: nine months for disorderly conduct and three months for harassment. **See** Sentencing Order, 7/15/21, at 1 (unpaginated).

filed a timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Counsel has filed an *Anders*/*Santiago* brief identifying the following issue:

> Was the sentence in this case manifestly excessive and clearly unreasonable, and not individualized as required by law, when [Appellant] argues that he was only revoked and resentenced based on technical violations, so his sentence was disproportionate to his actions.

*Anders*/*Santiago* Brief at 1 (formatting altered).

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, and supplying Appellant with a copy of the *Anders*/*Santiago* brief.[6] *See Goodwin*, 928 A.2d at 290. Moreover, Counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. Specifically, Counsel includes a summary of the relevant factual and procedural history, refers to portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. *See Santiago*, 978 A.2d at 361. Accordingly, we conclude that

_____

[6] Appellant did not file a response to Counsel's petition to withdraw.

Counsel has met the technical requirements of **Anders** and **Santiago**, and we will proceed to address the issue raised in Counsel's **Anders**/**Santiago** brief.

## Discretionary Aspects of the Sentence

In the **Anders**/**Santiago** brief, Counsel identifies Appellant's challenge to the discretionary aspects of his sentence. **Anders**/**Santiago** Brief at 6. Specifically, Appellant asserts that the VOP court imposed an excessive sentence because Appellant only committed a technical violation and has mental health needs. **Id.** Counsel notes that because the sentencing court specifically stated the information it relied on in fashioning its sentence, which included the misconducts that Appellant incurred while he was incarcerated, his admission to using methamphetamine, and the inappropriate letters Appellant sent to his probation officer, Appellant's sentence is "supported by the information presented at the time of the revocation and sentencing hearing . . . ." **Id.** at 7-8. Therefore, Counsel concludes that Appellant's challenge to the discretionary aspects of his sentence is frivolous. **Id.** at 8.

> It is well settled that
>
> challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question

that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Proctor***, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Id.*** (citation omitted).

Instantly, Appellant preserved his sentencing issue in a post-sentence motion, filed a timely appeal and Pa.R.A.P. 1925(b) statement, and included a Pa.R.A.P. 2119(f) statement in the amended ***Anders***/***Santiago*** brief. ***See id.*** Appellant has also presented a substantial question for our review. ***See Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa. Super. 2006) (noting that "a claim that a particular probation revocation sentence is excessive in light of its underlying technical violations" presents a substantial question for our review). Therefore, we will address the merits of Appellant's claim.

When considering an appeal from a sentence imposed following the revocation of probation, "[o]ur review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing." ***Commonwealth v. Perreault***, 930 A.2d 553, 557 (Pa. Super. 2007) (citations omitted); ***see also*** 42 Pa.C.S. § 9771(b).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. §§ 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Commonwealth v. Raven***, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted).

When a court revokes a defendant's probation and imposes a new sentence, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). In revocation proceedings, courts are not required to consider the sentencing guidelines.[7] ***See Commonwealth v. Derry***, 150 A.3d 987, 993 (Pa. Super. 2016). However, the VOP court must impose "a sentence that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[,]" and also consider, among other things, "whether the sentence imposed is essential to vindicate the authority of the court, and must give due consideration to the time spent serving the order of probation." ***Id.*** at 994 (discussing 42 Pa.C.S. §§ 9721(b), 9771(c)).

VOP courts may not impose a sentence of total confinement unless "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is

---

[7] We note that the Resentencing Guidelines apply when probation is revoked based on an offense committed on or after January 1, 2020. ***See*** 204 Pa. Code § 307.2(b); ***see also*** 42 Pa.C.S. § 2154.4. Here, because Appellant committed the underlying offense in 2018, the trial court was not required to consider the Resentencing Guidelines when imposing Appellant's VOP sentence.

not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." *Id.* at 994 (quoting 42 Pa.C.S. § 9771(c)) (formatting altered).

Criminal Rule of Procedure 702 requires that a sentencing court have a pre-sentence investigation report (PSI) or place on the records the reasons for dispensing with the PSI whenever a defendant can be sentenced to a sentence of incarceration of one year or more. Pa.R.Crim.P. 702(A)(1)-(2)(a). This requirement extends to probation revocation hearings. *See Commonwealth v. Kelly*, 33 A.3d 638, 641 (Pa. Super. 2011). "In the absence of a PSI, the court must conduct a pre-sentence inquiry such that it is apprised of the particular circumstances of the offense, not limited to those of record, as well as defendant's history and background." *Id.* at 642 (citation omitted and formatting altered).

When a defendant is being resentenced and a prior PSI exists, the sentencing court may rely on the prior PSI if during the sentencing hearing, the trial court receives "sufficient information to inform it of any changed circumstances from the time the last PSI report was completed, thereby allowing a fully informed, individualized sentencing decision." *Commonwealth v. Ali*, 197 A.3d 742, 763 (Pa. Super. 2018) (citation omitted). In *Ali*, this Court affirmed a defendant's judgment of sentence because the record reflected that "the trial court properly considered the PSI report from [the defendant's] original sentencing hearing and conducted a proper pre-sentence inquiry at the new sentencing hearing in the absence of a second PSI report." *Id.* at 764.

However, in **Kelly**, this Court noted that the trial court did not order a PSI, nor did the court "satisfy the requirement of Rule 702 that it place on the record its reasons for dispensing with a PSI." **Kelly**, 33 A.3d at 642. Further, the **Kelly** Court stated that the trial court also failed to address defense counsel's concerns about the defendant's mental health. **Id.** Therefore, the **Kelly** Court reversed the defendant's judgment of sentence and remanded for resentencing. **Id.**

Here, at sentencing, the trial court stated the reasons for Appellant's sentence as follows:

> Taking into consideration the statements of both counsel, the statement of Ashley Clark, the adult probation/parole officer, as well [Appellant], taking into account the documents submitted to me by Ms. Clark, as well as the revocation summary, noting that not just what we discussed about the results that I mentioned there are 25 misconducts on behalf of [Appellant].
>
> So it's clear that he is not only a danger to females, as noted by his prior offenses, the reason we're originally here for, but by his recent conduct.
>
> * * *
>
> [A]ny lesser sentence would diminish the seriousness of this matter.
>
> * * *
>
> [Appellant] is a danger to the community. He needs serious treatment, and that can be best provided by State incarceration.

N.T. VOP Hr'g at 13, 17-18.

Although the VOP court stated that it had considered the revocation summary and the documents provided by Probation Officer Clark, there is no

- 12 -

indication that the VOP court considered a PSI report when imposing Appellant's sentence.[8] *See id.* at 13. Indeed, the record reflects that the VOP court did not mention a PSI report or state that it was relying on the prior PSI at any point during the VOP hearing. *Cf. Ali*, 197 A.3d at 763-64 (affirming the defendant's judgment of sentence where the resentencing court expressly incorporated the record from the defendant's initial sentencing hearing into the record for the resentencing hearing). The VOP court did not receive any evidence relating to Appellant's current mental health issues, past mental health treatment, substance abuse treatment needs, or available rehabilitative programs. Under these circumstances, we conclude that because the VOP court only considered Appellant's admission to methamphetamine use, his history of prison misconducts, and Appellant's inappropriate letter to Probation Officer Clark, the VOP court did not conduct "a sufficient pre-sentence inquiry such that it is apprised of the particular circumstances of the offense, not limited to those of record, as well as defendant's history and background", nor did the court explain its decision to dispense with a PSI. *See Kelly*, 33 A.3d at 641-42. Additionally, the VOP court did not recommend any mental health or substance treatment in its VOP sentence. *See* Sentencing Order, 7/15/21, at 1-2 (unpaginated). Therefore, it appears that the VOP court abused its discretion by imposing Appellant's sentence without considering the appropriate sentencing factors, which could have included the review of a PSI,

---

[8] These documents do not appear in the certified record.

or other pertinent evidence. **See Kelly**, 33 A.3d at 641-42; **see also Derry**, 150 A.3d at 993 (stating that under the Sentencing Code, the sentence imposed should be consistent with, among others, "the rehabilitative needs of the defendant" (citation omitted)); **cf. Commonwealth v. Fullin**, 892 A.2d 843, 849-50 (Pa. Super. 2006) (reiterating that where the sentencing court reviewed a PSI, it will be presumed that sentencing court considered the defendant's character and mitigating factors). For these reasons, we conclude that Appellant's discretionary aspects of the sentencing claim is not wholly frivolous.

We now turn to our independent review of the record to determine if there are "any additional, non-frivolous issues overlooked by counsel." **See Flowers**, 113 A.3d at 1250. Therefore, we also examine the legality of Appellant's sentence.

### Merger

As part of our independent review, we examine whether any of Appellant's convictions merge, which implicates the legality of Appellant's sentence. **See Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009); **see also Commonwealth v. Martinez**, 153 A.3d 1025, 1030 n.2 (Pa. Super. 2016) (noting that the defendant's merger claim was a non-waivable challenge to the legality of his sentence). Our standard of review is *de novo* and our scope of review is plenary. **Baldwin**, 985 A.2d at 833 (citation omitted).

Section 9765 of the Sentencing Code provides that:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

Our Supreme Court has explained that Section 9765 sets forth two requirements for crimes to merge: "1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." **Baldwin**, 985 A.2d at 833.

> We have explained that

> When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a "break in the chain" of criminal activity. The issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

> In determining whether two or more convictions arose from a single criminal act for purposes of sentencing, we must examine the charging documents filed by the Commonwealth.

**Martinez**, 153 A.3d at 1030-31 (citations omitted and formatting altered).

If the offenses arise from a single criminal act, a merger analysis must then consider whether "all of the statutory elements of one of the offenses are included in the statutory elements of the other." **Baldwin**, 985 A.2d at 833 (citing 42 Pa.C.S. § 9765). The **Baldwin** Court further explained that

> we cannot ignore the simple legislative reality that individual criminal statutes often overlap, and proscribe in the alternative several different categories of conduct under a single banner. **See**, **e.g.**, aggravated assault, 18 Pa.C.S. § 2702 (defining seven

- 15 -

distinct violations of law); involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123 (setting forth eight separate violations). Consequently, in such cases, we caution that trial courts must take care to determine which particular "offenses," *i.e.* violations of law, are at issue in a particular case.

*Id.* at 837 n.6 (some citations omitted and formatting altered).

Terroristic threats is defined, in relevant part, as follows:

**(a) Offense defined.**—A person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to:

(1) commit any crime of violence with intent to terrorize another;

\*     \*     \*

**(d) Grading.**—An offense under subsection (a) constitutes a misdemeanor of the first degree unless the threat causes the occupants of the building, place of assembly or facility of public transportation to be diverted from their normal or customary operations, in which case the offense constitutes a felony of the third degree.

18 Pa.C.S. § 2706(a)(1), (d).

A person is guilty of simple assault if he "attempts by physical menace to put another in fear of imminent serious bodily injury[.]" 18 Pa.C.S. § 2701(a)(3).

Here, the Commonwealth charged Appellant as follows:

[COUNT ONE:]

. . . on or about June 28, 2018, in the said County of Erie and [Commonwealth] of Pennsylvania, the said [Appellant] did otherwise cause serious public inconvenience, or cause terror or serious public inconvenience with reckless disregard of the risk of causing such terror or inconvenience, to-wit: the said [Appellant] did state to the victim Andrea Delsandro, he was going to kill her and/or her new born infant and/or her father at a time when there

- 16 -

was an active PFA in place causing the hospital staff to relocate the victim as a patient to another room and floor and/or the hospital occupants to be diverted from their existing operations . . . thereby the said [Appellant] did commit the crime of terroristic threats, a felony of the third degree. [18 Pa.C.S. § 2706(a)(1).]

COUNT TWO:

. . . that on the day and year aforesaid in the said County of Erie and [Commonwealth] of Pennsylvania, the said [Appellant] did communicate, either directly or indirectly, a threat to commit any crime of violence with intent to terrorize another, to-wit: the said [Appellant] did state he was going to kill victim Andrea Delsandro's new born infant and/or her father and bury him and/or that he would go get his guns and blow off the victim's head . . . thereby the said [Appellant] did commit the crime of terroristic threats, a misdemeanor of the first degree. [18 Pa.C.S. § 2706(a)(1).

COUNT THREE:

. . . that on the day and year aforesaid in the said County of Erie and [Commonwealth] of Pennsylvania, the said [Appellant], did attempt by physical menace to put another in fear of imminent serious bodily injury, to-wit: the said [Appellant] did sit on the hospital bed next to the victim, Andrea Delsandro and threaten to kill her by using a firearm, and/or her newborn infant and/or her father at a time when there was an active PFA in place . . . thereby the said [Appellant] did commit the crime of simple assault, a misdemeanor of the second degree. [18 Pa.C.S. § 2701(a)(3)]

Criminal Information, 8/23/18, at 1-2 (formatting altered); *see also id.* at 4 (setting forth the statutes under which the Commonwealth charged Appellant); Trial Ct. Order, 6/10/19 (amending count three in the sentencing order to cite 18 Pa.C.S. § 2701(a)(3) instead of 18 Pa.C.S. § 2701(a)(1)).

At Appellant's original sentencing hearing, the trial court did not explicitly rule on Appellant's merger arguments. However, at sentencing, the trial court imposed separate sentences for Appellant's convictions at counts

one, two, and three. **See** N.T. Sentencing, 2/13/19, at 16. In its 1925(a) opinion relating to Appellant's direct appeal, the trial court concluded that the same evidence was sufficient to sustain Appellant's convictions at counts one and two. **See** Trial Ct. Op., 6/12/19, at 10-11. The trial court also referred to the same threats when discussing the sufficiency of the evidence supporting Appellant's simple assault conviction. **See id.** at 11-12.

Based on our review of the record, it appears that the factual basis for the two terroristic threats offenses as charged in the criminal information described identical conduct by Appellant. Further, all of the elements of the misdemeanor-grade terroristic threats offense are included within the felony-grade terroristic threats. Therefore, it appears that the two elements of merger are met. **See** 42 Pa.C.S. § 9765; **Baldwin**, 985 A.2d at 833. Additionally, the statutory elements of simple assault may be included in the statutory elements of terroristic threats. **Compare** 18 Pa.C.S. § 2706(a)(1) (a person commits the offense of terroristic threats "if [that] person communicates, either directly or indirectly, a threat to commit any crime of violence with intent to terrorize another") **with** 18 Pa.C.S. § 2701(a)(3) (a person commits the offense of terroristic threats if that person "attempts by physical menace to put another in fear of imminent serious bodily injury"). Accordingly, our independent review of the record has revealed a potential non-frivolous challenge to the legality of Appellant's sentence regarding merger.

## Revocation of Consecutive Probation

We also examine the legality of the VOP court's revocation of Appellant's consecutive terms of probation, which Appellant had not begun serving at the time of the violation. *See **Commonwealth v. Simmons***, 262 A.3d 512 (Pa. Super. 2021) (*en banc*).

In ***Simmons***, this Court overruled ***Commonwealth v. Wendowski***, 420 A.2d 628 (Pa. Super. 1980) and its progeny and held that the trial court lacked statutory authority to revoke the defendant's probation before he began serving the probation portion of his sentence.[9]  In reaching that conclusion, the ***Simmons*** Court explained:

> Simply stated, ***Wendowski*** was incorrect in holding that a trial court may anticipatorily revoke an order of probation and in reasoning that "a term of probation may and should be construed for revocation purposes as including the term beginning at the time probation is granted."  ***Wendowski***, 420 A.2d at 630 (quotations omitted).  No statutory authority exists to support this understanding.  Rather, the plain language of the relevant statutes provides that: a trial court may only revoke an order of probation "upon proof of the violation of specified conditions of the probation;" the "specified conditions" of an order of probation are attached to, or are a part of, the order of probation; and, when the trial court imposes an "order of probation" consecutively to another term, the entirety of the "order of probation" – including the "specified conditions" – do not begin to commence until the prior term ends.

---

[9] ***Simmons*** was decided after Appellant filed his notice of appeal.  It is well settled that "Pennsylvania appellate courts apply the law in effect at the time of the appellate decision.  This means that we adhere to the principle that a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." ***Commonwealth v. Chesney***, 196 A.3d 253, 257 (Pa. Super. 2018) (citations omitted and formatting altered).

*Simmons*, 262 A.3d at 524-25; *see also Commonwealth v. K. Conley*, 266 A.3d 1136, 1140 (Pa. Super. 2021) (concluding that "under *Simmons*, [the a]ppellant was not yet required to comply with the probation portion of the imposed order of sentence before he began serving it; thus, his noncompliance did not permit the anticipatory revocation of his order of probation").

Here the trial court originally sentenced Appellant to an aggregate term of four years' county restrictive intermediate punishment followed by three years of probation.[10] As of the date of the revocation hearing, Appellant was still serving his four-year term of county restrictive intermediate punishment. Therefore, he had not yet begun serving his consecutive terms of probation.

Although this Court has not applied *Simmons* to the revocation of probation which runs consecutive to a term of county intermediate punishment, the same rationale may apply in this case. For these reasons, our independent review of the record has revealed another potential non-frivolous challenge to the legality of the sentence regarding the applicability of *Simmons* to the revocation of Appellant's consecutive terms of probation.

Therefore, our independent review of the record confirms that there are potential non-frivolous issues relating to the legality of Appellant's sentence.

_____

[10] As stated above, Appellant's probationary sentence was composed of three consecutive terms of probation: two years for count two, nine months for count four, and three months for count six. The trial court also sentenced Appellant to one year of probation for count three, but that term was concurrent to the two years' probation imposed at count two.

For these reasons, we find Counsel's **Anders**/**Santiago** brief to be insufficient and deny Counsel's petition to withdraw.  Accordingly, we deny Counsel's petition to withdraw and direct Counsel to file either an amended **Anders**/**Santiago** brief that shall include a thorough discussion of the issues identified herein or file an advocate's brief within thirty days.  Failure to file either an **Anders/Santiago** or advocate's brief within this time frame may result in quashal.  The Commonwealth shall have thirty days thereafter to file a response.

Petition to withdraw denied with instructions.  Panel jurisdiction retained.

Judge Murray joins the memorandum.

Judge King concurs in the result.